Argued December 15, 1975, affirmed January 19, reconsideration denied February 25, petition for review denied March 31, 1976

STATE OF OREGON, *Respondent,*

*v.*

JOSEPH RABAGO, *Appellant.*

(No. 30061, CA 4887)

544 P2d 1061

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant, as an aftermath of an argument in a dormitory building with another occupant, got a knife from his room, went to the other occupant's room, beat upon the door until the unarmed occupant opened it and then stabbed him. As a result, defendant was indicted for both the crimes of attempted murder, ORS 163.115, and assault in the first degree, ORS 163.185.[1]

The jury found the defendant not guilty of attempted murder, but guilty of assault in the first degree. Defendant's principal contention on appeal is that the court erred in instructing the jury that intoxication was not relevant in defense of the assault charge.

A person commits the crime of assault in the first degree if he acts "intentionally, knowingly or recklessly." ORS 163.185(1). The indictment charged that the defendant acted "recklessly."

ORS 161.125(1) provides:

"* * * [V]oluntary intoxication shall not, as such, constitute a defense to a criminal charge, but in any prosecution for an offense, evidence that the defendant * * * was intoxicated may be offered by the defendant whenever it is relevant to negative an element of the crime charged."

ORS 161.125(2) provides:

"When recklessness establishes an element of the offense, if the defendant, due to * * * voluntary intoxication, is unaware of a risk of which he would have been aware had he been not intoxicated * * * such unawareness is immaterial."

Thus, since the indictment charged only a "reckless" state of mind, if the judge had restricted the definition of assault for the purposes of this case to a "reckless" act, his instruction that intoxication was not relevant would have been correct. However, for some reason the

---

[1] We do not understand why the district attorney treated assault as the basis of a separate count rather than as a lesser included offense. In any event, the defendant does not make this an issue.

record does not disclose, the prosecution requested and the judge gave an instruction which theoretically allowed the jury to find that the assault was committed "knowingly" as distinguished from "recklessly." In any event, the error was harmless and does not require reversal. *State v. McLean,* 255 Or 464, 468 P2d 521 (1970).

The uncontroverted evidence constitutes overwhelming proof that the defendant was guilty of the crime of assault in the first degree committed recklessly. Therefore, whether ORS 161.125(1) and (2) were intended to mean that intoxication can be considered as a defense when the crime charged involves the mental state of "knowingly," or were intended to allow that intoxication can be considered as a defense only as to "intentional" crimes, we need not here determine.

The remaining assignment of error does not warrant discussion.

Affirmed.